UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,

v.

JOSE LOPEZ,

            Defendant.

------------------------------------------------------------ X

**MEMORANDUM OPINION AND ORDER**

11 Cr. 275 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On May 17, 2011, defendant Jose Lopez made various pretrial motions. These include: (1) a motion to suppress post-arrest statements; (2) a motion to suppress evidence obtained from "show-up" identifications; (3) a motion to suppress recordings of phone calls made by defendant from jail; (4) a motion to suppress the contents of defendant's cell-phone, seized at the time of his arrest; (5) a motion to suppress defendant's statement to federal agents two years after the initial arrest; (6) dismissal of the indictment based on the lack of federal jurisdiction; (7) a motion to compel discovery from the Government; and (8) an evidentiary hearing. The following constitutes the court's rulings on these motions.

The motion to suppress defendant's post-arrest statements is

DENIED. On August 23, 2011, an evidentiary hearing was held on this motion. The Government called the officer who questioned defendant and took his post-arrest statement. There is no dispute that the officer read defendant his *Miranda* rights and that defendant executed a written waiver of those rights. He then made a written statement as to the events of the evening of February 27, 2009, the evening on which the charged crime was committed. The waiver and the confession were received in evidence at the hearing. The defense called no witnesses but proffered evidence from defendant's mother and certain documents – including Social Security disability records – indicating that defendant suffers from a limited mental capacity. Following the hearing, defendant was examined by two psychologists – one for the Government and one for the defense. Both concluded that defendant has limited mental capacity (i.e., an IQ below 80), but that defendant was able to comprehend the concepts in the *Miranda* warnings. Neither psychologist was able to render an opinion as to whether defendant was capable of fully understanding the consequences of waiving his *Miranda* rights.

Based on this record, I conclude that defendant knowingly and voluntarily waived his *Miranda* rights and gave a written statement to the police. While he is undoubtedly slow-witted, the police did not engage in any coercive activity in order to elicit a statement from defendant. "The sole concern on the

Fifth Amendment, on which *Miranda* was based, is governmental coercion. . . . *Miranda* protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment; it goes no further than that."[1] The officer testified that he did not notice anything unusual about this defendant. While at first blush this seems somewhat doubtful – given defendant's obvious slow-witted behavior – on further reflection it is nonetheless credible. This Court, and the lawyers who appear before the court, are highly educated people, surrounded by other highly educated people. By contrast, a policeman who has arrested hundreds of people for a range of criminal activity, is exposed to a much broader range of individuals at all points on the educational and intellectual spectrum. It is not surprising that someone who would appear unusually slow to the Court may not appear to a police officer so slow as to be *unable* to understand and waive his rights. Indeed, this defendant acknowledged each of his rights and executed a waiver form. He proceeded to write out his own statement as to the

---

[1] *Colorado v. Connelly*, 479 U.S. 157, 170 (1986). *Accord Garner v. Mitchell*, 557 F.3d 257, 261-63 (6th Cir. 2008) (denying suppression of a statement by a defendant of low intelligence because "police had no reason to believe that [the defendant] misunderstood the warnings"); *United States v. Rojas-Tapia*, 446 F.3d 1, 7 (1st Cir. 2006) ("[a] defendant's mental state or condition, by itself and apart from its relationship to official coercion, is never dispositive of the inquiry into constitutional voluntariness."); *United States v. Turner*, 157 F.3d 552, 555 (8th Cir. 1998) (holding that defendant's borderline IQ did not prevent a knowing and intelligent waiver); *Rice v. Cooper*, 148 F.3d 747, 750 (7th Cir. 1998).

events of the evening in question. While this does not prove that he is intellectually "gifted," it certainly supports the officer's testimony that he did not recall thinking that the defendant was particularly slow. Accordingly, defendant's motion to suppress his post-arrest statement is DENIED.

With respect to the remaining motions the Court makes the following rulings: (2) the show-up identification can be challenged immediately preceding the trial because it involves identifications by victim witnesses; (3) the motion to suppress the defendant's phone calls from the jail is DENIED; (4) the Government has agreed that it will not use any information seized from defendant's cell phone; (5) the Government has agreed that it will not use defendant's March 9, 2011 statement to federal agents; and (6) the issue of the sufficiency of the evidence as to the interstate nexus necessary to establish federal jurisdiction under the Hobbs Act cannot be decided on a motion to dismiss.[2] Rather, this motion should be made properly at trial at the close of the Government's case on a motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (7) The defense request for further discovery is also DENIED. The Government states that it has complied

---

[2] *See United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998) (holding that in a Hobbs Act prosecution, "the requirement of an effect on interstate commerce is itself an element of the offense charged . . . [which] ordinarily . . . is not appropriately decided on a motion to dismiss . . . [but which] should be determined at trial.").

with its *Brady* obligations. The Court has no basis not to credit that representation. Witness statements need not be disclosed until after the witness has testified on direct examination – although in this district the Government usually discloses such statements no later than forty-eight hours before a witness testified. The court has already ruled that the victim witnesses need not be identified until shortly before trial. The same is true of the exhibits that the Government intends to introduce at trial. Finally, (8) the Court has held an evidentiary hearing.

These rulings address all of defendant's pretrial motions filed on May 17, 2011 and the Clerk of the Court is directed to close these motions [Docket No. 12]. There remains, however, the outstanding issue of defendant's competence to stand trial. Until this issue is decided, no trial date will be scheduled and time continued is to be excluded under the Speedy Trial Act in the interest of justice.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: February 14, 2012
New York, New York

# Appearances

**For the Government:**

Adam Fee
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
(212) 637-1589

**For Defendant Jose Lopez:**

Louis R. Aidala, Esq.
546 Fifth Avenue
Sixth Floor
New York, New York 10036
(212) 750-9700